**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

B.L.S.,

Plaintiff,

v.

WALNUT CREEK SCHOOL DISTRICT,

Defendant.

Case No. 25-cv-05378-PHK

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND**

Re: Dkts. 30, 39, and 41

## INTRODUCTION

Plaintiff B.L.S. ("Plaintiff"), a minor, brings this action against Defendant Walnut Creek School District ("Defendant" or "WCSD") alleging violations of both federal and state law relating to alleged incidents (and resulting harms) at Plaintiff's school. [Dkt. 1]. Now before the Court is Defendant's Motion for Judgment on the Pleadings. [Dkt. 30]. The Parties filed requests for judicial notice in connection with the instant motion. [Dkts. 39, 40]. The Court heard oral argument on the instant motion on July 1, 2026. [Dkt. 46]. Having considered the briefs and argument of counsel at the hearing, and for the reasons discussed herein, the Court **GRANTS** Defendant's Motion for Judgment on the Pleadings and **DISMISSES** Plaintiff's Complaint with **LEAVE TO AMEND**.

## BACKGROUND[1]

Plaintiff, at all relevant times, was a minor residing with his mother, Serina Santoleri, in Contra Costa County, California. [Dkt. 1-1 at ¶ 1].

[1] These facts are drawn from the allegations in Plaintiff's Complaint, which the Court accepts as true and construes in the light most favorable to Plaintiff. *See Finley v. Cap. One*, No. 16-CV 01392-YGR, 2017 WL 1365207, at *2 (N.D. Cal. Apr. 14, 2017).

Defendant WCSD is a governmental entity, organized and existing under the laws of the State of California, located at 960 Ygnacio Valley Rd, Walnut Creek, CA 94596. *Id.* at ¶ 4. Defendant is responsible for the management and administration of all public schools within the district and is also the employer of all district staff. *Id.*

Plaintiff was enrolled in different schools within the WCSD, including Walnut Creek Intermediate School ("WCI") and Tice Creek School ("Tice Creek"). [Dkt 1-1 at ¶ 2]. During the 2022-2023 academic year, Plaintiff was enrolled at WCI. *Id.* at ¶ 13. While enrolled, Plaintiff experienced severe bullying. *Id.* at ¶ 12. Throughout the academic year, Plaintiff's personal belongings, including bikes, scooters, clothing, and electronics were stolen, vandalized, and damaged by other students. *Id.* at ¶ 13. Additionally, Plaintiff often came home with visible injuries inflicted on him by other students while at school. *Id*. Plaintiff was also humiliated by WCI staff members, including his teachers and the school principal. *Id.* at ¶¶ 14, 20. Plaintiff's mother and grandmother brought issues of this nature to the attention of WCSD employees on multiple occasions but were ignored. *Id.* at ¶ 14.

In August 2023, WCSD transferred Plaintiff from WCI to Tice Creek without properly notifying his guardians. *Id.* at ¶ 32. His guardians received notice that Plaintiff was being transferred on August 8, 2023, a week before the start of the 2023-2024 academic year. *Id*. This abrupt transfer uprooted Plaintiff and caused hardship for his guardians, as Tice Creek is substantially further away from Plaintiff's home. *Id*. While at Tice Creek, Plaintiff continued suffering excessive bullying by other students, including verbal and physical abuse. *Id.* at ¶¶ 33, 39. Tice Creek was made aware yet did nothing to protect Plaintiff or prevent further harm. *Id.* at ¶ 33.

Plaintiff is diagnosed with ADHD and is therefore entitled to an individualized education plan ("IEP") under California Law. *Id.* at ¶¶ 11, 38. Plaintiff alleges that while enrolled at both WCI and Tice Creek, WCSD failed to evaluate and implement an IEP for Plaintiff. *Id.* at ¶¶ 34-35. Plaintiff's guardians were in frequent contact with the schools on this issue and were ignored. *Id.* In October 2023, Plaintiff was finally evaluated at the Sylvan Learning Center. *Id.* at ¶ 36. At this time, Plaintiff was in 7th grade, but displayed a 3rd grade and 2nd grade reading and writing level.

United States District Court
Northern District of California

*Id.* Because the district failed to evaluate Plaintiff sooner, Plaintiff's disabilities were not accommodated, and he was unable to maintain expected progress. *Id.*

On August 15, 2024, Plaintiff commenced an action in state court. [Dkt. 1 at 2]. Plaintiff asserts the following claims for relief:

1. Violation of 42 U.S.C. § 12101 (Americans with Disabilities Act);
2. Violation of 29 U.S.C. § 794 (Section 504 of the Rehabilitation Act);
3. Violation of California Civil Code § 52.1 (Unruh Act);
4. Violation of Education Code § 220;
5. Violation of Constitutional Rights (42 U.S.C. § 1983);
6. Violation of Safe Place to Learn Act (Cal. Ed. Code § 234);
7. Negligence (Cal. Gov. Code §§ 815.2, 820);
8. Negligent Supervision, Hiring, and/or Retention (Cal. Gov. Code §§ 815.2, 820);
9. Negligent Infliction of Emotional Distress;
10. Intentional Infliction of Emotional Distress; and
11. Failure to Perform Mandatory Duty to Protect Student.

[Dkt. 1-1 at 4]. Defendant removed this case to federal court on June 26, 2025. [Dkt. 1].

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is proper when there is no material dispute of fact, and the moving party is entitled to judgment as a matter of law. *Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist.*, 644 F.3d 934, 937 n.1 (9th Cir. 2011). This standard is "substantially identical" to the standard for determining a motion to dismiss under Rule 12(b)(6). *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). "[U]nder both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" *Id.* (citation omitted). Accordingly, a court must accept as true all well-pled factual allegations but need not accept as true conclusory factual allegations or conclusions of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citation omitted).

"[A] court granting judgment on the pleadings pursuant to Rule 12(c) should grant leave to

United States District Court
Northern District of California

amend even if no request for leave to amend has been made, unless it is clear that amendment would be futile." *Finley*, 2017 WL 1365207, at *2 (citation omitted).

**DISCUSSION**

In the instant motion for judgment on the pleadings, Defendant argues that Plaintiff's state law claims are barred and that Plaintiff's federal law claims are insufficiently pled. [Dkt. 30 at 12, 22].

**I. California Government Code § 915**

In California, a person asserting a claim for personal injury against a public entity, such as a school district, must present a statutorily compliant written claim for damages (*i.e.*, an administrative government claim) to that entity no later than six months after the cause of action accrued. Cal. Gov. Code § 911.2. This claim presentation requirement applies to minors. *Carr v. State of California*, 58 Cal. App. 3d 139, 145 (1976) ("It is established beyond controversy that the timely filing of a claim is a prerequisite to the maintenance of an action and that the claim filing requirement is applicable to minors."). A minor may make an application to submit a late claim up to one year after the initial injury. *See* Cal. Gov. Code §§ 911.4, 911.6. However, Government Code section 945.4 prohibits suit on the underlying allegations when no claim has been presented. Cal. Gov. Code § 945.4.

Plaintiff bears the burden of ensuring that his Government Claim was presented to the appropriate public entity. *DiCampli-Mintz v. Cnty. of Santa Clara*, 55 Cal. 4th 983, 991 (2012). Under the California Government Claims Act ("CGCA"), a school district is defined as a "local public entity" rather than as part of the State of California. Cal. Gov. Code § 900.4; *Johnson v. San Diego Unified Sch. Dist.*, 217 Cal. App. 3d 692, 699-700 (1990) (holding that a school district "is a 'local public entity' under the claim filing requirements of the [CGCA]"). A claim against a local public entity, such as the District, must be delivered to the entity's clerk, secretary, auditor, or governing board; or actually received by one of those designated recipients within the statutory time period. Cal. Gov. Code §§ 915(a), (e)(1). Here, Plaintiff presented his claim to the Department of General Services, and not to any of the District's enumerated recipients.

Defendant argues that Plaintiff failed to satisfy the claims presentation requirement of the

CGCA, thus barring the asserted state law claims. [Dkt. 30 at 9]. Defendant argues that "Plaintiff's failure to present the Government Claim to the District or otherwise ensure that it was delivered to the District prior to filing suit, is *fatal* to his state law claims." *Id.* In opposition, Plaintiff argues that he properly satisfied the claims presentation requirement because "Plaintiff's state law claims were actually received by the Department of General Services." [Dkt. 37 at 3].

The dispute here centers on a disagreement over statutory interpretation. California Government Code § 915 sets forth requirements for presenting claims against four enumerated types of entities in each subsection of the statute: local public entities (such as the District) (subsection a), the state of California (subsection b), judicial branch entities (subsection c), and universities of the state of California (subsection d). *See* Cal. Gov. Code § 915(a)-(d). Subsection (e) of the statute then provides four exceptions for sub-subsections under which "[a] claim, amendment, or application shall be deemed to have been presented in compliance with this section even though it is not delivered or mailed as provided in this section[.]" Cal. Gov. Code § 915(e).

Plaintiff construes the exceptions provided in § 915(e) broadly as allowing presentation of a claim under any of the exceptions in any sub-subsection in isolation, arguing that the statute states the exceptions under subsection (e) are operative "if *any* of the following apply." Specifically, because Plaintiff presented his claim to the Department of General Services, Plaintiff relies on the exception in sub-subsection (e)(2) which provides, "A claim . . . shall be deemed to have been presented in compliance with this section . . . if . . . [i]t is actually received at an office of the Department of General Services." Cal. Gov. Code § 915(e)(2).

Defendant does not dispute that Plaintiff's state law claims were received by the Department of General Services. However, Defendant argues Plaintiff's catch-all reading of subsection (e) is legally meritless. [Dkt. 38 at 6]. According to Defendant, "Section 915 is organized into four parallel tracks, each pairing a specific category of public entity with its own presentation requirement and corresponding actual receipt exception[.]" *Id.* As noted above, Section 915(a)-(d) sets forth specific presentation requirements for four categories of governmental entities – and according to Defendant, Section 915(e) sets out four exceptions in sub-subsections 915(e)(1)-(4) which each provide an exception which only correspond in the same order to each of the preceding

subsections 915(a)-(d) (and thus all four exceptions in 915(e) do not apply across the board to all of the preceding subsections 915(a)-(d)). For example, according to Defendant, the presentation requirement for local public entities established in § 915(a) corresponds with the actual receipt exception provided in § 915(e)(1) which states that "[a] claim . . . shall be deemed to have been presented in compliance with this section . . . if . . . [i]t is actually received by the clerk, secretary, auditor, or board of the local public entity." Cal. Gov. Code § 915(e)(1).

As noted, Plaintiff relies on the exception found in sub-subsection 915(e)(2) which allows presentation of a claim to the Department of General Services. Cal. Gov. Code § 915(e)(2). However, under Defendant's interpretation of the statute, the sub-subsection 915(e)(2) exception applies only to claims against the State of California because (as the second enumerated exception) this (e)(2) exception only applies to claims against the State as detailed in § 915(b) (the second enumerated category of claims). That is, Defendant argues that the exception here does not apply to any other claims in sections 915(a), (c), or (d) because the corresponding exception for 915(a) is found in 915(e)(1) and not 915(e)(2). Under Defendant's interpretation of the statute, presentation of the claims to the Department of General Services is ineffective because the District is not the State of California (and is not a state agency) and thus using the exception in (e)(2) is erroneous.

The case law and legislative history of the statute support Defendant's interpretation of section 915. Presentment of a claim to the Department of General Services is not a replacement for presentment to a local public entity being sued because the exception in 915(e)(2) does not apply to claims against a local public entity. *See Jud. Council of Cal. v. Super. Ct.*, 229 Cal. App. 4th 1083 (2014) (analyzing the legislative history of § 915 and construing each subdivision of subsection (e) as corresponding with one particular subsection (a)-(d)); *accord Santana v. Cnty. of Yuba*, No. 2:15-cv-00794 KJM-EFB, 2016 WL 1268107, at *29 (E.D. Cal. Mar. 31, 2016).

In *Judicial Council*, the entity being sued was a local Superior Court, but the statutory interpretation and analysis is directly on point. There, the public entity being sued was a judicial branch entity and thus presentment should follow 915(c) (the third type of claim). The *Judicial Council* opinion held that exception in sub-subsection 915(e)(3) applies to such claims (as the corresponding third exception). More specifically, the plaintiff in *Judicial Council* argued (like the

Plaintiff here) that presentment to the predecessor of the Department of General Services under the exception found in 915(e)(2) applied because (according to that plaintiff) all of the exceptions in 915(e) apply to any type of claim in 915(a)-(d). The *Judicial Council* court found this argument "absurd" because the predecessor to the Department of General Services (the Victim Compensation and Government Claims Board) has no power to deal with or resolve a claim against a Superior Court – only the Superior Court can resolve such a claim and thus it makes no sense to construe § 915(e)(2) as allowing presentment of such a claim to the Board instead of the Court. *See Jud. Council*, 229 Cal. App. 4th at 1100; *see also Green v. State Ctr. Community College Dist.*, 34 Cal. App. 4th 1348, 1352, 1360 (finding presentation to the State Board of Control insufficient to satisfy requirement to present government claim to a school district).

The Court finds the statutory analysis of these precedents to be persuasive. The Department of General Services does not have the authority to deal with or resolve a claim on behalf of the Walnut Creek School District. On the record presented, only the local public entity has the authority to resolve a claim against the District. Thus, as in *Judicial Council*, it makes no sense to construe § 915(e)(2) as allowing presentment of a claim to the Department of General Services instead of the School District. Accordingly, under the proper interpretation of the statute, Plaintiff failed to comply with the literal presentment requirements under § 915(a) or the corresponding exceptions found in § 915(e)(1).

When determining compliance with the CGCA, courts apply a substantial compliance standard; however, misdirected claims "are only deemed to have substantially complied [with Sec. 915] if they are actually received by the entity." *Tamrat v. Rhodes*, Case No. 20-cv-01323-PJH, 2021 WL 1044292, at *1 (N.D. Cal. Feb. 26, 2021). Here, there is no pleading that the Walnut Creek School District actually received the claim within the required deadline and no pleading that the Department of General Services forwarded the claim to the District. Accordingly, the substantial compliance doctrine is not satisfied. *See Sternberg v. Danville*, Case No. 15-cv-01878-SI, 2015 WL 9024340, at *7 (N.D. Cal. Dec. 16, 2025). Accordingly, even under the substantial compliance standard, Plaintiff failed to satisfy the presentment requirements under Section 915. For these reasons, Plaintiff's state law claims are barred.

For all these reasons, the Court **DISMISSES** Plaintiff's state law claims. However, the Court **GRANTS LEAVE TO AMEND** the Complaint to afford Plaintiff and counsel an opportunity to investigate and determine whether there is a Rule 11 basis to plead facts alleging substantial compliance with the presentment requirement.

## II. Federal Exhaustion

Defendant argues Plaintiff's ADA claim and Section 504 claim are "defective due to the lack of any allegations establishing that Plaintiff exhausted all administrative remedies under the [IDEA] prior to filing suit." [Dkt. 30 at 22]. "The Individuals with Disabilities Education Act (IDEA) offers federal funds to States in exchange for a commitment to furnish a 'free appropriate public education' (FAPE) to children with certain disabilities . . . and establishes formal administrative procedures for resolving disputes between parents and schools concerning the provision of a FAPE." *Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 154 (2017), citing 20 U.S.C. § 1412(a)(1)(A). When a plaintiff sues under the American with Disabilities Act ("ADA") or Section 504 of the Rehabilitation Act for a public school district's denial of a FAPE, the plaintiff must first exhaust administrative remedies under the IDEA. *Fry*, 580 U.S. at 159-161, 168 (2017); 20 U.S.C. § 1415(l) ("before the filing of a civil action under [the ADA or Section 504] seeking relief that is also available under [the IDEA], the [IDEA's administrative procedures] shall be exhausted . . .").

Whether the IDEA's exhaustion requirement applies to a cause of action "hinges on whether a lawsuit seeks relief from the denial of a free appropriate public education." *Fry*, 580 U.S. 154 at 168. Courts are directed to "look to the substance, or gravamen, of the plaintiff's complaint" to determine whether the claims brought under the ADA or Section 504 must be exhausted like an IDEA claim. *Id.* at 165. The analysis includes the following issues: "First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school—say, a public theater or library? And second, could an *adult* at the school . . . have pressed essentially the same grievance?" *Id.* at 171 (emphasis in original). If the answers to these questions are "no," then the claims do concern a FAPE, and are therefore subject to the exhaustion requirements of the IDEA. *Id.*

Here, Plaintiff's first and second causes of action, brought under the ADA and Rehabilitation

United States District Court
Northern District of California

Act respectively, rely fundamentally on allegations that the District failed to provide a FAPE to Plaintiff. *See* Dkt. 1-1 at ¶¶ 41, 43 ("Plaintiff has a learning disability protected under the ADA . . . Defendant discriminated against Plaintiff . . . removing him from class and hindering his education . . . [a]s a result of that discrimination, Plaintiff suffered damages . . . and was prevented from receiving the education and degree with which he sought."). The Complaint also specifically alleges that the District failed to provide a FAPE to Plaintiff. *Id.* at ¶ 32 ("lack of FAPE . . . provided to him due to his disability").

Under the *Fry* analytical framework, the allegations here establish that Plaintiff's first and second causes of action are subject to the exhaustion requirements of the IDEA. Plaintiff could not have brought a claim against a public theater or library for failure to provide him with a FAPE. An adult visitor or employee of the school cannot enroll in the schools here as a student, and therefore *a priori* cannot sue the District over the terms and conditions of receiving an education with an IEP which included tutoring, hard-copy homework, and the like. *See Fry*, 580 U.S. 154 at 172-173 ("[C]an anyone imagine the student making the same claim [failure to provide remedial tutoring in mathematics] against a public theater or library? Or, similarly, imagine an adult visitor or employee suing the school to obtain a math tutorial?"). Accordingly, under the applicable legal standards, the ADA and Section 504 causes of action here are subject to administrative exhaustion under the IDEA.

Plaintiff argues that he "fully exhausted the administrative remedies available for his claims through federal and California avenues." [Dkt. 37 at 6]. Plaintiff alleges that he "filed a Complaint with OAH [Office of Administrative Hearings] and saw it through to a mediation agreement," and "also attempted to obtain resolution through the California Department of Education." *Id.* In response, Defendant points out that "Plaintiff's Complaint contains no allegation that administrative remedies under the IDEA were exhausted prior to filing suit" and that "Plaintiff's sole evidence of exhaustion is a two-paragraph attorney declaration [in support of Plaintiff's opposition brief] asserting, in conclusory terms, that a complaint was filed with OAH and a mediation agreement was reached." [Dkt. 38 at 9-10].

In light of the absence of any allegations of exhaustion, the Court may consider whether the failure to exhaust is apparent from the face of the complaint. *Albino v. Baca*, 747 F.3d 1162, 1166

(9th Cir. 2014) (en banc) ("But in those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim.") (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). Where, as here, the Complaint contains no allegation of exhaustion whatsoever (and is lacking the allegations regarding exhaustion raised only in the attorney declaration in opposition to the instant motion), the failure to exhaust is apparent on the face of the Complaint. Plaintiff cannot cure the lack of pleading by asserting attorney representations for the first time in his Opposition brief. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("The focus of any Rule 12(b)(6) dismissal . . . is the complaint," and "a court *may not* look beyond the complaint to a plaintiff's moving papers.") (emphasis in original); *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

Plaintiff further argues in opposition that "[w]hen it is improbable that adequate relief can be obtained by pursuing administrative remedies, exhaustion may not be required." *See* Dkt. 37 at 6 (citing *Hoeft v Tucson Unified School Dist*, 967 F.2d 1298, 1304 (9th Cir 1992)). While it is true that "the IDEA's exhaustion requirement is not absolute," Plaintiff has not adequately pled that an exception to the exhaustion requirement applies here. *Hoeft*, 967 F.2d at 1303.

Plaintiff argues that he "is seeking monetary compensation for the damages he endured" and "[n]either compensatory nor punitive damages are available under the administrative remedies," thus "because there was no possibility of adequate relief through administrative avenues, Plaintiff is excused from exhaustion." [Dkt. 37 at 5-6]. The Ninth Circuit has rejected this argument. *See K.D. v. L.A. Unified Sch. Dist.*, 816 F. App'x 222, 224 (9th Cir. 2020) ("K.D. also argues that exhaustion would be futile because she seeks monetary damages—which are not available under the IDEA administrative process. We rejected this argument in *Paul G. v. Monterey Peninsula Unified Sch. Dist.*, 933 F.3d 1096 (9th Cir. 2019), where, as here, the damages sought were based on an alleged failure to provide a FAPE."). Accordingly, the Complaint on its face fails to adequately plead any exceptions to exhaustion should apply here.

For all these reasons, the Court **DISMISSES** Plaintiff's ADA and Section 504 causes of action. However, the Court **GRANTS LEAVE TO AMEND** the Complaint to afford Plaintiff and counsel an opportunity to investigate and determine whether there is a Rule 11 basis to plead facts

alleging exhaustion or a legally recognized exception to exhaustion.

**III. 42 U.S.C. § 1983**

Defendant argues that WCSD is immune from Plaintiff's Section 1983 claim because "public school districts are not 'person[s]' subject to Section 1983 but are instead considered arms of the state immunized from such claims by the Eleventh Amendment." [Dkt. 30 at 25] (emphasis removed) (citing *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 251 (9th Cir. 1992); *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1247 (9th Cir. 2015) ("It is well-established that a school district cannot be sued for damages under § 1983.")). At the hearing, Plaintiff conceded this point, admitting that the district itself is immunized from 1983 claims. Plaintiff argued, however, that the "1983 claim will apply to any teacher or employee who is subbed in for a Doe defendant so the claim should not be dismissed." [Dkt. 37 at 7].

For all these reasons (including especially Plaintiff's concession that the Complaint is defective on this issue), the Court **DISMISSES** Plaintiff's Section 1983 cause of action. However, the Court **GRANTS LEAVE TO AMEND** the Complaint to afford Plaintiff and counsel an opportunity to investigate and determine if there is a Rule 11 basis to substitute Doe Defendants with named individual defendants.

**IV. Judicial Notice**

Under Federal Rule of Evidence 201, a court must take judicial notice of certain facts "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Under Rule 201, a court is supplied with necessary information when the supplied information and facts are "not subject to reasonable dispute because [they] (1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Both Parties submit requests for judicial notice in connection with the instant motion for judgment on the pleadings. *See* Dkts. 39, 41. Plaintiff requests judicial notice of the legislative history of California Government Code Section 915. [Dkt. 41]. Defendant requests judicial notice of the same. [Dkt. 39]. Defendant also requests judicial notice of a document titled "*Government Claims Program Frequently Asked Questions*" which is publicly available on the official website

for the State of California Department of General Services. *Id.* at 3. Defendant further requests judicial notice that the FAQ directs users to the "Departments list" and that the "Departments list" does not include the Walnut Creek School District, or any other public school district. *Id.* at 4.

At oral argument, both Parties withdrew all objections to these requests for judicial notice. Additionally, to the extent the Parties seek judicial notice of legislative histories, it is questionable whether judicial notice is even necessary. *See Mollaei v. Otonomo Inc.*, 651 F.Supp.3d 1135, 1139 (N.D. Cal., 2023) ("judicial notice of legislative facts is unnecessary"). In any event, because the Parties have withdrawn their objections, the requests for judicial notice are **GRANTED**.

**CONCLUSION**

For all the reasons discussed herein, the Court **GRANTS** Defendant's Motion for Judgment on the Pleadings and **DISMISSES** Plaintiff's Complaint with **LEAVE TO AMEND** to the extent and on the grounds noted herein. Additionally, the Court **GRANTS** the Parties' requests for judicial notice. [Dkts. 39, 41].

This Order **RESOLVES** Dkts. 30, 39, and 41.

**IT IS SO ORDERED.**

Dated: September 4, 2026

PETER H. KANG
United States Magistrate Judge